UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

JANE DOE,

                Plaintiff,

vs.

THE CITY OF DETROIT,
*a Michigan Municipal Corporation*,

                Defendant.

Case No. 18-11295
Hon. Mark A. Goldsmith
Magistrate Judge: R. Steven Whalen

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>Attorneys for Plaintiff<br>STERLING ATTORNEYS AT LAW, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | June Adams (P43283)<br>Letitia C. Jones (P52136)<br>Tiffany Boyd (P71481)<br>Attorneys for Defendant<br>2 Woodward Ave., Ste. 500<br>Detroit, MI 48226<br>(313) 237-3002<br>adamj@detroitmi.gov<br>jonelc@detroitmi.gov<br>boydti@detroitmi.gov |

**PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**

Plaintiff Jane Doe, by her attorneys Sterling Attorneys at Law, P.C., moves this Honorable Court for an Order allowing Plaintiff to proceed under the pseudonym "Jane Doe" as set forth below and in the accompanying Brief.

1. Plaintiff is a transgender woman employed in a high-level position with Defendant City of Detroit.

2.      On April 25, 2018 Plaintiff, under the pseudonym Jane Doe, filed her Complaint, alleging she has been subjected to sex discrimination and a hostile work environment due to her failure to conform to gender norms (Count I), and due to her transitioning and transgender status (Count II), in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e, *et seq.,* and Michigan's Elliot-Larsen Civil Rights Act, MCL 37.2101, *et seq.* Plaintiff also alleges unlawful retaliation under both statutes for having complained, internally and externally, about her illegal treatment (Count III) (**Exhibit A,** Complaint, Doc #1).

3.      The harassment endured by Plaintiff and as alleged in her Complaint has been particularly vile and has included anonymous death threats (**Exhibit A**, ¶¶24-26; 33-40).

4.      Plaintiff remains an employee of Defendant City of Detroit and thus is especially vulnerable to ongoing harassment or retaliation in the workplace, in addition to potential threats to her safety beyond the workplace should her name be publicly revealed in court filings.

5.      Plaintiff moves to continue this case pseudonymously given the private and sensitive nature of her claims and given the threats to her personal safety and life, which could escalate if her identity is revealed.

6.      Pursuant to LR 7.1, there was a phone conference between counsel on May 18, 2018 in which movant explained the nature of the motion or request

and its legal basis and requested but did not obtain concurrence in the relief

sought.

      7.    Plaintiff further relies on the argument set forth in her supporting

brief.

                                  Respectfully submitted,

                                  STERLING ATTORNEYS AT LAW, P.C.

                                  By:   /s/Carol A. Laughbaum
                                         Carol A. Laughbaum (P41711)
                                         Attorneys for Plaintiff
                                         33 Bloomfield Hills Pkwy., Ste. 250
                                         Bloomfield Hills, MI 48304
                                       (248) 644-1500

Dated: May 24, 2018

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JANE DOE,

              Plaintiff,

vs.

THE CITY OF DETROIT,
*a Michigan Municipal Corporation*,

              Defendant.

Case No. 18-11295
Hon. Mark A. Goldsmith
Magistrate Judge: R. Steven Whalen

| | |
|---|---|
| Carol A. Laughbaum (P41711) | June Adams (P43283) |
| Attorneys for Plaintiff | Letitia C. Jones (P52136) |
| STERLING ATTORNEYS AT LAW, P.C. | Tiffany Boyd (P71481) |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Attorneys for Defendant |
| Bloomfield Hills, MI 48304 | 2 Woodward Ave., Ste. 500 |
| (248) 644-1500 | Detroit, MI  48226 |
| claughbaum@sterlingattorneys.com | (313) 237-3002 |
| | adamj@detroitmi.gov |
| | jonelc@detroitmi.gov |
| | boydti@detroitmi.gov |

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO PROCEED PSEUDONYMOUSLY**

## STATEMENT OF ISSUES PRESENTED

Whether the Court should permit Plaintiff to proceed pseudonymously given the private and sensitive nature of her claims, which arise from her status as a transgender woman, and where Plaintiff has been subjected to threats to her personal safety, including death threats, which could escalate if her identity is publicly disclosed?

# CONTROLLING AUTHORITY

*Doe v Porter,* 370 F3d 558 (6th Cir 2004)

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................. v

FACTUAL BACKGROUND.............................................................................. 1

ARGUMENT..................................................................................................... 2

CONCLUSION.................................................................................................. 5

# INDEX OF AUTHORITIES

## Case Law

*Doe #1 v Déjà Vu Consulting, Inc*, 2017 WL 3838830 at \*4
  (MD Tenn, Sept 2017)...............................................................................5
*Doe v Blue Cross & Blue Shield of RI*, 794 F Supp 72 (D RI 1992) ......................4
*Doe v Frank,* 951 F2d 320 (11th Cir 1992) .......................................................4
*Doe v Porter,* 370 F3d 558 (6th Cir 2004) .........................................................2
*Doe v Stegall*, 653 F2d 180 (5th Cir 1981) ........................................................3
*Does v Snyder*, 2012 WL 1344412 at \*2 (ED MI 2012)....................................5
*Highland Local School Dist v US Dept of Educ*, 2016 WL 4269080
  (SD OH 2016) ....................................................................................... 4

## Statutes, Court Rules & Misc.

Human Rights Campaign website, *Violence Against the Transgender Community in 2018.* *http://www.hrc.org/resources/violence-against-the-transgender-community-in-2018.* .................................................................................................4

## FACTUAL BACKGROUND

Plaintiff is a highly educated, high level employee of Defendant City of Detroit (**Exhibit A**, Complaint). During her employment, Plaintiff, who was born biologically male and previously presented as a male, underwent sex reassignment surgeries and related medical treatment to reflect her gender identity, female (*Id*). Upon her return to work, as a female and with a different first name, Plaintiff was subjected to escalating harassment by an obviously disturbed co-worker. Among other things, the co-worker defaced Plaintiff's office nameplate by scrawling "Mr." across her first name; gave her a "gift bag" containing a dildo and a nasty note regarding Plaintiff's gender reassignment surgery, female appearance and attire, and stating, among other things, "We don't want people like you working here;" and left subsequent and increasingly ominous notes for Plaintiff referencing her transition, purporting to quote Bible verses, and containing death threats (*Id*). While Plaintiff timely reported all these incidents, Defendant City failed and refused to take action to identify the harasser, stop the threats, or attempt to protect Plaintiff's safety, allowing the harassment and threats to continue and escalate (*Id.*)

Plaintiff sought assistance from and leveled complaints internally, with her supervisors and the City's Human Resources Department and Human Rights Department. Her concerns were not addressed. She then filed complaints

with the EEOC/Michigan Department of Civil Rights, and the Detroit Police Department (*Id*).

While the identity of Plaintiff's harasser has long been known to Defendant, he remains employed in a high-level position with Defendant City, in Plaintiff's workplace (*Id*).

Since complaining about her untenable work environment and despite her excellent job performance, Plaintiff has been retaliated against, denied a promotion, and marginalized. Her hostile and retaliatory work environment, which have taken a tremendous toll on her emotional well-being, is ongoing (*Id*).

Plaintiff filed suit as "Jane Doe" on April 25, 2018 (*Id*). Defendant has appeared, but not yet filed its Answer. Without any legitimate basis, Defendant has indicated it opposes and will oppose Plaintiff's attempts to proceed pseudonymously.

### ARGUMENT

Although Federal Rule of Civil Procedure 10(a) requires that a complaint must state the names of all parties, the Sixth Circuit and courts in this District have recognized that under certain circumstances a plaintiff is excluded from this general requirement. *See Doe v Porter,* 370 F3d 558, 560 (6th Cir 2004). Anonymity is justified when a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *Id*, 370 F3d at 560.

The Sixth Circuit has identified the following factors to be considered in making this determination: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will require the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law; and (4) whether the plaintiffs are children. *Id,* 370 F3d at 560, *quoting Doe v Stegall*, 653 F2d 180, 185-186 (5th Cir 1981). Here, Plaintiff's anonymity is warranted as she satisfies the first two factors listed above.

First, she is challenging the activity of her governmental employer.

Second, Plaintiff's claims in this case will require her to disclose not only quintessentially personal information about her sexuality and transgender status, but information which will subject her to opprobrium and social stigma. This is intensely personal information that no prospective employer -- or anyone else for that matter -- should be privy to unless Plaintiff chooses to disclose that information. In 2018, the wealth of readily available information that can be obtained by almost anyone with a computer or smartphone, including access to an entire court file, is beyond dispute. Requiring Plaintiff – a high level City of Detroit Manager – to proceed with this litigation under her true name will eviscerate her privacy rights, while allowing Plaintiff to proceed as "Jane Doe" will help protect her privacy. Courts have allowed transgender plaintiffs to proceed anonymously due to the social stigma associated with their gender

3

identity. *See, e.g., Doe v Frank,* 951 F2d 320, 324 (11th Cir 1992), *Doe v Blue Cross & Blue Shield of RI,* 794 F Supp 72, 72-73 (D RI 1992); *Highland Local School District v US Department of Education,* 2016 WL 4269080 (SD OH 2016).

But even more compelling reasons to grant Plaintiff's motion exist. Intertwined with Plaintiff's right to keep such intensely personal matters private is the very real threat that she will face additional harm if her true identity is revealed in court filings. As set forth in her Complaint, Plaintiff has already suffered from extreme stress and panic attacks as a result of the vile conduct at issue (and Defendant's inaction). Revealing Plaintiff's name may expose her to additional and even more serious harm. Tragically, violence against transgender persons is a reality, and the statistics startling.[1] Plaintiff has already received death threats as a result of her transgender status (**Exhibit A**).

The Sixth Circuit and courts in this District have granted anonymity based on circumstances less compelling than exist here, on the basis of privacy and safety issues. In *Porter,* the plaintiffs challenged the school board's practice of permitting the Bible to be taught in public schools (*Id*, 370 F3d at 560). The Sixth Circuit affirmed the lower court's decision allowing the plaintiffs to proceed using pseudonyms, finding plaintiffs' interest in maintaining the privacy of their

---

[1] In 2017, advocates tracked at least 28 deaths of transgender people in the United States due to fatal violence. *See, e.g.*, Human Rights Campaign website, *Violence Against the Transgender Community in 2018.* http://www.hrc.org/resources/violence-against-the-transgender-community-in-2018.

4

religious belief (and preventing potential harassment that may be incurred based on such beliefs) justified anonymity. In addition, exotic dancers have been authorized to proceed pseudonymously for purposes of privacy and personal safety and the recognized "substantial risk of harm" if their identity is disclosed. *See Doe #1 v Déjà Vu Consulting, Inc*, 2017 WL 3838830 at *4 (MD Tenn, Sept 2017), and cases cited therein. Certainly Plaintiff, and given the facts of this case, deserves no less.

A court may also consider whether permitting anonymity will force a defendant to proceed with insufficient information to defend against the plaintiff's claims. *Does v Snyder*, 2012 WL 1344412 at *2 (ED MI 2012). This concern does not exist here. It is undisputed that Defendant already knows Plaintiff's true identity; and its ability to defend this case is not affected by her proceeding anonymously.

## CONCLUSION

As set forth above, Plaintiff respectfully requests an Order permitting Plaintiff to proceed, pre-trial, pseudonymously. Upon entry of such an Order, Plaintiff's counsel will work with Defense Counsel to craft an appropriate protective order allowing the disclosure to appropriate party representatives for purposes of defense of this case, as well as an order preventing disclosure of Plaintiff's identity by the Defendant.

5

<table>
<tr><td>

**PROOF OF SERVICE**

I certify that on May 24, 2018, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to all counsel of record.

/s/Carol A. Laughbaum_____
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

</td><td>

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:___/s/Carol A. Laughbaum_____
        Carol A. Laughbaum (P41711)
        Attorneys for Plaintiff
        33 Bloomfield Hills Pkwy., Ste. 250
        Bloomfield Hills, MI 48304
        (248) 644-1500

</td></tr>
</table>

LOCAL RULE CERTIFICATION:  I, Carol A. Laughbaum, certify that this document complies with Local Rule 5.1(a), including:  double-spaced (except for quoted material or footnotes); at least one-inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                        ___/s/Carol A. Laughbaum_____
                            Carol A. Laughbaum (P41711)