**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE,

    Plaintiff,

-v-

CITY OF DETROIT,
a Michigan Municipal Corporation,

    Defendant.

Case No. 2:18-cv-11295
Hon. Mark A. Goldsmith
Mag. Jdg: R. Steven Whalen

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>Attorney for Plaintiff<br>STERLING ATTORNEYS AT LAW, P.C.<br>33 Bloomfield Hills Pkwy, Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Tiffany A. Boyd (P71481)<br>Letitia C. Jones (P52136)<br>Attorneys for Defendant<br>CITY OF DETROIT LAW DEPARTMENT<br>2 Woodward, Ste. 500<br>Detroit, MI 48226<br>(313) 237-3088/ (313) 237-3002<br>boydti@detroitmi.gov<br>jonelc@detroitmi.gov |

**DEFENDANT CITY OF DETROIT'S ANSWER and SPECIAL &**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**
**RELIANCE ON PLAINTIFF'S JURY DEMAND**

    Defendant, CITY OF DETROIT, by and through the undersigned attorneys, files its ANSWER and SPECIAL & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, along with a RELIANCE ON PLAINTIFF'S JURY DEMAND, pursuant to all applicable Federal Rules of Civil Procedure, and submits the following:

**JURISDICTION AND PARTIES**

1. Defendant neither admits nor denies the allegations of paragraph 1, as they seek a legal conclusion for which no response is required.

2. Upon information and belief, Defendant admits the allegations of paragraph 2.

1

3. Defendant neither admits nor denies the allegations of paragraph 3, as they seek a legal conclusion for which no response is required. Defendant will object to plaintiff anonymity motion.

4. Defendant admits.

5. Defendant admits.

6. Defendant neither admits nor denies the allegations of paragraph 6, as they seek a legal conclusion for which no response is required.

7. Defendant neither admits nor denies the allegations of paragraph 7, as they seek a legal conclusion for which no response is required. Further, as Plaintiff is a Jane Doe, the City cannot verify this through the EEOC.

## BACKGROUND FACTS

8. Upon information and belief, Defendant admit.

9. Defendant neither admits nor denies the allegations of paragraph 9, but leave plaintiff to her proofs.

10. Defendant admits Plaintiff was employed by the City of Detroit in the office of Development and Grants; neither admits nor denies the remaining allegations in paragraph 10, but leaves Plaintiff to her proofs.

11. Upon information and belief, Defendant admits.

12. Defendant neither admit nor denies the allegations of paragraph 12, as it is vague. Defendant cannot respond to allegations indicating unknown and/or unidentified individuals.

13. Defendant neither admits nor denies the allegations of paragraph 13, for lack of knowledge.

14. Defendant neither admits nor denies the allegations of paragraph 14, for lack of knowledge. Further, as Plaintiff is a Jane Doe, the City cannot verify this through a subpoena of medical records.

15. Defendant neither admits nor denies the allegations of paragraph 15, for lack of knowledge, but leave Plaintiff to her proofs.

16. Defendant neither admits nor denies the allegations of paragraph 16, for lack of knowledge, but leave Plaintiff to her proofs.

17. Defendant admits that Director Hughley received a verbal complaint with respect to Plaintiff's attire and counseled her regarding proper business attire. Defendant neither admits nor denies the remainder of the allegations of paragraph 17.

18. Defendant neither admits nor denies the allegations of paragraph 18 for lack of knowledge, but leaves Plaintiff to her proofs.

19. Defendant neither admits nor denies in that the allegation in paragraph 19 is vague as it doesn't name who responded to her inquiry. Defendant leaves Plaintiff to her proofs.

20. Defendant neither admits nor denies the allegations of paragraph 20 for lack of knowledge, but leave Plaintiff to her proofs.

21. Defendant neither admits nor denies the allegations of paragraph 21 for lack of knowledge, but leave Plaintiff to her proofs.

22. Upon information and belief, Defendant admits.

23. Defendant neither admits nor denies the allegations of paragraph 23 for lack of knowledge, but leave Plaintiff to her proofs.

24. Defendant neither admits nor denies the allegations of paragraph 24 for lack of knowledge, but leave Plaintiff to her proofs.

25. Defendant neither admits nor denies the allegations of paragraph 25 for lack of knowledge, but leave Plaintiff to her proofs.

26. Defendant admits in part that Plaintiff did file a complaint with Human Rights; neither admits nor denies the remaining allegations of paragraph 26 for lack of knowledge, but leaves Plaintiff to her proofs.

27. Defendant neither admits nor denies the allegations of paragraph 27 for lack of knowledge, but leaves Plaintiff to her proofs.

28. Defendant neither admits nor denies the allegations of paragraph 28, for lack of knowledge, but leaves Plaintiff to her proofs.

29. Defendant denies the allegations of paragraph 29, as they are untrue.

30. Defendant denies the allegations of paragraph 30, as they are untrue.

31. Defendant denies the allegations of paragraph 31, as they are untrue.

32. Defendant neither admits nor denies the allegations of paragraph 32 for lack of knowledge, but leave Plaintiff to her proofs.

33. Defendant neither admits nor denies the allegations of paragraph 33 for lack of knowledge, but leave Plaintiff to her proofs.

34. Defendant neither admits nor denies the allegations of paragraph 34 for lack of knowledge, but leave Plaintiff to her proofs.

35. Defendant neither admits nor denies the allegations of paragraph 35 for lack of knowledge, but leave Plaintiff to her proofs.

36. Defendant neither admits nor denies the allegations of paragraph 36 for lack of knowledge, but leave Plaintiff to her proofs.

37. Defendant neither admits nor denies the allegations of paragraph 37 for lack of knowledge, but leave Plaintiff to her proofs.

38. Defendant neither admits nor denies the allegations of paragraph 38 for lack of knowledge, but leave Plaintiff to her proofs.

39. Defendant neither admits nor denies the allegations of paragraph 39 for lack of knowledge, but leave Plaintiff to her proofs. Further, as Plaintiff is proceeding as a Jane Doe, the City has been unable to obtain the outside agency's file.

40. Defendant admits.

41. Defendant denies the allegations of paragraph 41, as they are untrue.

42. Defendant neither admits nor denies the allegations of paragraph 42, as they are vague. Defendant cannot speak to alleged statements or assurances made by unidentified individuals.

43. Defendant neither admits nor denies the allegations of paragraph 43 for lack of knowledge, but leave Plaintiff to her proofs.

44. Defendant neither admits nor denies the allegations of paragraph 44, but leave Plaintiff to her proofs. Further, Defendant denies in the manner and form alleged.

45. Defendant neither admits nor denies the allegations of paragraph 45, as they are vague. Defendant cannot respond to allegations against unidentified individual(s).

46. Defendant neither admits nor denies the allegations of paragraph 46 for lack of knowledge, but leave Plaintiff to her proofs.

47. Defendant neither admits nor denies the allegations of paragraph 47, as they are vague. Defendant cannot respond to allegations against unidentified individual(s), and cannot speak to Plaintiff's state of mind.

48. Defendant neither admits nor denies the allegations of paragraph 48 as they are vague. Defendant cannot respond to allegations related to unidentified individual.

49. Defendant denies failing and refusing to take prompt remedial actions. As to the remaining allegations of paragraph 49, Defendant neither admits nor denies, but leave Plaintiff to her proofs.

50. Upon information and belief, Defendant admits.

51. Defendant neither admits nor denies the allegations of paragraph 51, as they are vague. Defendant cannot respond to allegations against unidentified individual(s).

52. Defendant neither admits nor denies the allegations of paragraph 52, as they are vague. Defendant cannot respond to allegations against unidentified individual(s).

53. Defendant neither admits nor denies the allegations of paragraph 53, as they are vague. Defendant cannot respond to allegations against unidentified individual(s).

54. Defendant denies the allegations of paragraph 54, as they are untrue.

55. Defendant neither admits nor denies the allegations of paragraph 55 for lack of knowledge, but leave Plaintiff to her proofs.

56. Defendant neither admits nor denies the allegations of paragraph 56 for lack of knowledge, but leave Plaintiff to her proofs.

57. Defendant denies the allegations of paragraph 57, as they are untrue.

58. Defendant admits that Ms. Hughley left her position with the City of Detroit around October 2017; Defendant neither admits nor denies the remainder of allegation 58 for lack of knowledge.

59. Defendant neither admits nor denies the allegations of paragraph 59 for lack of knowledge, but leave Plaintiff to her proofs.

60. Defendant neither admits nor denies the allegations of paragraph 60 for lack of knowledge, but leave Plaintiff to her proofs. Further, Hughley is not a decision maker for appointees in the department.

61. Defendant neither admits nor denies the allegations of paragraph 61 for lack of knowledge, but leave Plaintiff to her proofs.

62. Defendant neither admits nor denies the allegations of paragraph 62, as they are vague. Defendant cannot respond to allegations against unidentified individual(s).

63. Defendant neither admits nor denies the allegations of paragraph 63, for lack of knowledge. Furthermore, they are vague. Defendant cannot respond to allegations against unidentified individual(s).

64. Defendant denies the allegations of paragraph 64, as they are untrue.

65. Defendant denies the allegations of paragraph 65, as they are untrue.

## COUNT I
### *Sex Discrimination/ Hostile Work Environment in Violation of Title VII and Michigan's Elliot-Larsen Civil Rights Act (Failure to Conform to Gender Norms)*

66. Defendant repeats and incorporates its answers to paragraphs 1-65 above as if fully restated herein.

67. Defendant admits.

68. Defendant neither admits nor denies the allegations of paragraph 68, as they call for a legal conclusion to which no response is required.

69. Defendant denies the allegations of paragraph 69, as they are untrue.

70. Defendant denies the allegations of paragraph 70, as they are untrue.

71. Defendant denies the allegations of paragraph 71, as they are untrue.

72. Defendant denies the allegations of paragraph 72, as they are untrue.

73. Defendant denies the allegations of paragraph 73, as they call for a legal conclusion to which no response is required.

## COUNT II
### *Sex Discrimination/ Hostile Work Environment in Violation of Title VII and Michigan's Elliot-Larsen Civil Rights Act (Failure to Conform to Gender Norms)*

74. Defendant repeats and incorporates its answers to paragraphs 1-73 above as if fully restated herein.

75. Defendant neither admits nor denies the allegations of paragraph 75, as they call for a legal conclusion to which no response is required.

76. Defendant neither admits nor denies the allegations of paragraph 76, as they call for a legal conclusion to which no response is required.

77. Defendant deny the allegations of paragraph 77, as they are untrue.

78. Defendant denies the allegations of paragraph 78, as they are untrue.

79. Defendant denies the allegations of paragraph 79, as they are untrue.

80. Defendant denies the allegations of paragraph 80, as they are untrue.

81. Defendant denies the allegations of paragraph 81.

## COUNT III
## Retaliation in Violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act

82. Defendant repeats and incorporates its answers to paragraphs 1-81 above as if fully restated herein.

83. Defendant neither admits nor denies the allegations of paragraph 83, as they call for a legal conclusion to which no response is required.

84. Defendant neither admits nor denies the allegations of paragraph 84, as they call for a legal conclusion to which no response is required.

85. Defendant denies the allegations of paragraph 85, as they are untrue.

86. Defendant denies the allegations of paragraph 86, as they are untrue.

87. Defendant denies the allegations of paragraph 87.

## RELIEF REQUESTED

WHEREFORE, Defendant CITY OF DETROIT would respectfully request that this Honorable Court deny the relief requested and dismiss the matter in its entirety.

## RELIANCE OF PLAINTIFF'S JURY DEMAND

Defendant CITY OF DETROIT, by and through the undersigned attorneys, files in reliance on Plaintiff's demand for trial by jury.

                                        Respectfully Submitted,
                                        CITY OF DETROIT LAW DEPARTMENT

BY:   */s/ Tiffany A. Boyd*
        **Tiffany A. Boyd** (P71481)
        Assistant Corporation Counsel

        */s/ Letitia C. Jones*
        **Letitia C. Jones** (P52136)
        Sr. Assistant Corporation Counsel

May 29, 2018

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JANE DOE,

    Plaintiff,

-v-

CITY OF DETROIT,
a Michigan Municipal Corporation,

    Defendant.

Case No. 2:18-cv-11295
Hon. Mark A. Goldsmith
Mag. Jdg: R. Steven Whalen

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>Attorney for Plaintiff<br>STERLING ATTORNEYS AT LAW, P.C.<br>33 Bloomfield Hills Pkwy, Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Tiffany A. Boyd (P71481)<br>Letitia C. Jones (P52136)<br>Attorneys for Defendant<br>CITY OF DETROIT LAW DEPARTMENT<br>2 Woodward, Ste. 500<br>Detroit, MI 48226<br>(313) 237-3088/ (313) 237-3002<br>boydti@detroitmi.gov<br>jonelc@detroitmi.gov |

## **DEFENDANTS' SPECIAL AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, CITY OF DETROIT, by and through its attorneys, TIFFANY A. BOYD (P71481) and LETITIA C. JONES (P52136), and state the following Special and Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff cannot establish a prima facie case of sex discrimination and hostile work environment under The Elliot-Larsen Civil Rights Act ("ELCRA").

3. Plaintiff cannot establish a prima facie case of sex discrimination and hostile work environment under Title VII.

4. Plaintiff cannot establish a prima facie case of retaliation under The Elliot-Larsen Civil Rights Act ("ELCRA").

5. Plaintiff cannot establish a prima facie case of retaliation under Title VII.

6. Some, if not all of, Plaintiff's claims may be barred by governmental immunity

7. Some, if not all of, Plaintiff's claims may be barred by the applicable statute of limitations.

8. Plaintiff cannot provide sufficient evidence that defendant's actions were in retaliation for the filing of any civil rights complaint by the plaintiff.

9. Plaintiff cannot show a causal connection between the alleged adverse employment action and the protected activity.

10. Plaintiff cannot provide sufficient evidence, either direct or indirect, to show that City of Detroit's actions were motivated by sex, gender nonconformity, nor transitioning status.

11. At all times, Defendant's actions were proper.

12. Pursuant to MCR 2.110(B) (5), Defendant demands that Plaintiff replies to their affirmative defenses by providing a factual basis and any documentation that would support the validity of their claim.

13. Defendant hereby reserves the right to assert and file any affirmative defenses as may become known by discovery proceedings in accordance with the rules and practices of the court in such case made and provided, or otherwise.

Respectfully Submitted,

CITY OF DETROIT LAW DEPARTMENT

BY:   /s/ *Tiffany A. Boyd*
      **Tiffany A. Boyd** (P71481)
      Assistant Corporation Counsel

      */s/ Letitia C. Jones*
      **Letitia C. Jones** (P52136)
      Sr. Assistant Corporation Counsel

May 29, 2018

**CERTIFICATE OF SERVICE**

    Myria Ross hereby certifies that on 29th of May, 2018, she caused **Defendant's Answer, Special & Affirmative Defenses and Reliance on Jury Demand** to be electronically filed with the Court, along with service via email to Plaintiff's counsel at the above captioned email addresses through the court's e-file and serve system.

                                             */s/ Myria Ross*
                                             **Myria Ross**