UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JANE DOE,

        Plaintiff,

vs.

THE CITY OF DETROIT,
*a Michigan Municipal Corporation*,

        Defendant.

Case No. 18-11295
Hon. Mark A. Goldsmith
Magistrate Judge: R. Steven Whalen

_____/

| | |
|---|---|
| Carol A. Laughbaum (P41711)<br>Attorneys for Plaintiff<br>STERLING ATTORNEYS AT LAW, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | June Adams (P43283)<br>Letitia C. Jones (P52136)<br>Tiffany Boyd (P71481)<br>Attorneys for Defendant<br>2 Woodward Ave., Ste. 500<br>Detroit, MI 48226<br>(313) 237-3002<br>adamj@detroitmi.gov<br>jonelc@detroitmi.gov<br>boydti@detroitmi.gov |

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**

Defendant's Response to Plaintiff's Motion contains many statements and claims that are simply lacking in candor, and disregards key facts.

First, the City feigns a lack of knowledge, until very recently, as to the identity of the Plaintiff ("The City did not wish to assume it knew who Plaintiff might be and reached out to Plaintiff's counsel for the Plaintiff's name on May 11, 2018. Plaintiff's counsel advised the City of Plaintiff's identity on May 18,

2018." ECF NO. 13, p 1). In fact, Plaintiff's Counsel contacted City attorneys, including June Adams - who has filed an appearance in this matter -- over a year ago, discussing this matter and the Plaintiff, by name. It is also undisputed that Plaintiff's internal Complaints with the City of Detroit, referenced in her Complaint, and Plaintiff's EEOC Charge (provided to Defendant) were also filed under Plaintiff's actual name.

    Second, and relatedly, the City's claim that it would be denied "basic fairness" if Plaintiff is allowed to maintain this case as Jane Doe ignores the fact that Plaintiff's real name and identity is already known to the City and the key players that will be involved in this case. Plaintiff does not take the position that her real name can never be uttered in this litigation, nor is she asking at this juncture for any documents to be filed under seal. Instead, she is simply seeking a protective order that her name not be disclosed, publicly, in the court record. Plaintiff envisions a protective order providing that Plaintiff's name and identifying information will be redacted in any documents filed with the Court, not that any substantive facts of the case will be sealed or made non-public.

    Third, in asserting that Plaintiff has failed to justify the need to proceed pseudonymously in that her safety fears are "merely hypothetical," Defendant City ignores the reality that Plaintiff has already received death threats, which could escalate if like-minded members of the public are privy to her real name.

Fourth, Defendant City claims it may be hindered in defending this case because it will be unable to issue subpoenas, or even confirm that Plaintiff has met jurisdictional pre-requisites for filing this lawsuit (timely filing with the EEOC). These purported concerns are without merit. Plaintiff can directly obtain her EEOC file and provide it to Defendant (which Counsel has already agreed to do), can similarly provide other records Defendant seeks, and/or will not oppose subpoenas for other records provided that Plaintiff's name will be redacted from any documents filed on the docket. Moreover, Defendant City was provided with Plaintiff's EEOC Charge of Discrimination (filed under Plaintiff's actual name), as well as her Right-to-Sue letter (issued in Plaintiff's name). Thus, its current claim that it cannot ascertain whether or not the jurisdictional prerequisites for filing suit have been met, if Plaintiff is allowed to proceed as Jane Doe, is simply untrue.

Finally, the Court raised the potential applicability of *Shane v Blue Cross Blue Shield of Michigan*, 825 F3d 299 (6th Cir 2016) to this matter. Shane did not involve a motion to proceed pseudonymously, and a review of the case confirms that it has no relevance here. *Shane* was a class action involving a claim of price-fixing against Michigan's largest health insurer. There, the Sixth Circuit found that the trial court erred in allowing the sealing of court documents (amended complaint, motion for class certification, motion to strike expert testimony with 194 exhibits, etc.), finding that the lack of substantive information in the court

record deprived the class members of adequate information needed to determine the fairness of the proposed settlement, denying them the ability to make an informed decision to accept or reject it. The Sixth Circuit agreed that under the circumstances, the sealing from public view of a large portion of the docket was not warranted, vacated the orders to seal, and remanded for an "open and vigorous examination of the settlement's fairness to the class." *Id*, 825 F3d at 302.

In *Shane*, the Sixth Circuit readily acknowledged the "stark difference" in the standard for entering protective orders, which requires only a showing of "good cause" with the "vastly more demanding" standards of sealing off judicial records from public view, *Id*, at 304, 307, revealing it is inapposite to this case.

Here, Plaintiff is not attempting to seal any records, or obscure any substantive information from the court record. She is simply seeking to shield her name for privacy and safety reasons, as set forth in her motion and the applicable case law.

|  |  |
|---|---|
| **PROOF OF SERVICE**<br><br>I certify that on June 25, 2018, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to all counsel of record.<br><br>/s/Carol A. Laughbaum<br>Sterling Attorneys at Law, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>claughbaum@sterlingattorneys.com | Respectfully submitted,<br><br>STERLING ATTORNEYS AT LAW, PC<br><br>By: /s/Carol A. Laughbaum<br>Carol A. Laughbaum (P41711)<br>Attorney for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500 |