UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,                         Civil Action No. 18-cv-11295

v                                          HON. MARK A. GOLDSMITH

CITY OF DETROIT,

        Defendant.
_____/

**OPINION & ORDER**
**GRATING PLAINTIFF'S MOTION FOR AN ORDER ALLOWING PLAINTIFF TO PROCEED UNDER THE PSEUDONYM JANE DOE (Dkt. 8)**

This matter is before the Court on Plaintiff Jane Doe's motion for an order allowing her to proceed pseudonymously (Dkt. 8). The issues have been fully briefed, and a hearing was held on July 12, 2018. For the reasons that follow, the Court grants Doe's motion.

**I. BACKGROUND**

Doe began her employment with Defendant City of Detroit's Office of Development and Grants in January 2016. Compl. ¶ 10 (Dkt. 1). In April 2016, Doe informed the City that she would be undergoing gender reassignment surgery to transition from male to female, the gender with which she identifies. Id. ¶ 12. Doe took medical leave the following month, and returned in June 2016, where she presented herself as a female. Id. ¶ 15. Shortly thereafter, Doe was informed that two complaints had been filed against her regarding her attire at work, despite the City's lack of dress code. Id. ¶¶ 17-19. After returning from a second medical leave in December 2016, Doe began experiencing a pattern of harassment, including having her office nameplate defaced to identify her as male, receiving a male sex toy, and several notes that admonished her for her

1

transition, along with threats of physical violence.  Id. ¶¶ 22-25, 33, 37.  Doe alleges that despite informing her supervisors of this harassment, and requesting that remedial action be taken, the City took no action to protect her.  Id. ¶¶ 24, 26, 30-31.  Doe subsequently brought this suit against the City, alleging that it engaged in sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, and Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101.  Doe now brings the present motion, in which she requests an order allowing her to proceed in this action pseudonymously.

## II. ANALYSIS

Federal Rule of Civil Procedure 10(a) requires a complaint to name all parties.  However, the Sixth Circuit excuses plaintiffs from identifying themselves in certain circumstances in which a privacy interest substantially outweighs the presumption in favor of open judicial proceedings. Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004).  Courts must consider the following factors when making this determination: (i) whether the plaintiffs seek to proceed anonymously in order to challenge governmental activity; (ii) whether prosecuting the suit will require the plaintiffs to disclose information "of the utmost intimacy"; (iii) whether the case will compel the plaintiffs to disclose an intention to violate the law, and thus risk criminal prosecution; and (iv) whether the plaintiffs are children.  Id. (quoting Doe v. Stegall, 653 F.2d 180, 185–186 (5th Cir. 1981)).  Courts have also considered whether the plaintiffs would risk suffering injury if identified and whether the defendant would be prejudiced if the plaintiffs were permitted to proceed pseudonymously. See Doe v. Shakur, 164 F.R.D. 359, 364 (S.D.N.Y. 1996).

It is undisputed that the third and fourth factors — whether identification will expose Doe to criminal prosecution and whether she is a child — are inapplicable.  She has not indicated any intent to violate the law and is an adult.  There also does not appear to be any real dispute that she

2

is challenging governmental activity. She alleges that the City, a governmental entity, has engaged in gender discrimination and retaliation in light of her status as a transgender woman.

The Court must grapple with whether prosecution of this case will require Doe to disclose information "of the utmost intimacy," and relatedly, whether exposure of her identity will risk injury. Stegall, 635 F.2d at 186; Shakur, 164 F.R.D. at 364. Several courts have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure. See Doe v. Blue Cross & Blue Shield of Rhode Island, 794 F. Supp. 72, 72 (D.R.I. 1992); Doe v. McConn, 489 F. Supp. 76, 77 (S.D. Tex. 1980); McClure v. Harris, 503 F. Supp. 409, 412 (N.D. Cal. 1980), rev'd sub nom. Schweiker v. McClure, 456 U.S. 188 (1982).

The City argues that this Court cannot expose Doe as a transgender woman because she has already done so herself. It notes that she "has already made her transition from a man to woman known. She has legally changed her name and gender, making it known and clear to all that she now identifies as a woman." Def. Resp. at 4-5. However, while her employer and coworkers are aware that she has transitioned from male to female, a disclosure that was necessary because her transition began after she had already started working for the City, the general public is not necessarily aware that Doe is transgender. While she publicly identifies as female, the fact that she previously presented as male, and had a procedure to reassign her gender, certainly qualifies as information "of the utmost intimacy." Stegall, 635 F.2d at 186.

With regard to whether exposure of Doe's identity will risk injury, Doe has alleged several instances of harassment, including notes threatening her life because of her transition. The City cites cases where courts have held that "[t]o support a fear of retaliation, the plaintiff must demonstrate that such retaliation is not merely hypothetical but based in some real-world evidence; a simple fear is insufficient." See, e.g., Does v. Shalushi, No. 10-11837, 2010 WL 3037789, at *3

(E.D. Mich. July 30, 2010). It notes that the court in Porter reviewed evidence of threatening letters to the plaintiff, as opposed to Doe, who merely "makes a general reference to violence against transgender individuals," and whose allegations of harassment occurred over a year ago. While Doe has not presented evidence of the harassment at this early stage of the litigation, her complaint alleges specific instances of harm that have resulted from her transition. While "those who presumably would have any animosity toward her already know her true identity," Shakur, 164 F.R.D. at 362, Doe has expressed fear of "copycats" within and outside of her office who may harm her if they learn that she is transgender. The Court believes this fear is justified, and takes judicial notice of the increased threat of violence to which transgender individuals are exposed. See "A Time to Act: Fatal Violence Against Transgender People in America in 2017," at 33, available at http://assets2.hrc.org/files/assets/resources/A_Time_To_Act_2017_REV3.pdf.

The last factor to consider is the possible prejudice suffered by the City if Doe is permitted to proceed pseudonymously. Shakur, 164 F.R.D. at 364. The City argues that it will be prejudiced if Doe is allowed to continue under a pseudonym, because it will be hindered in its ability to mount a defense against Doe's claims of sex discrimination. It asserts that it will be unable to obtain subpoenas or releases for records pertaining to Doe if she is allowed to proceed pseudonymously.

This argument is not well-taken. Doe's counsel has indicated that she only wishes to shield's Doe's name from the public docket, but that she does not object to defense counsel using Doe's real name (to which counsel is privy) in order to obtain records, or during the course of depositions, provided that such records, if filed on the docket, redact Doe's true identity. Doe's counsel has also agreed to facilitate document production if necessary, and the Court believes a protective order to this effect can be fashioned. Because Doe only wishes to shield her name from

use in public court records, and not prevent the City from using it in order to obtain discovery, the Court does not find that allowing Doe to proceed pseudonymously will prejudice the City.[1]

### III. CONCLUSION

For the foregoing reasons, the Court grants Doe's motion to proceed pseudonymously (Dkt. 8). The parties shall prepare a proposed protective order regarding how to protect Doe's identity in accordance with this order. The proposed order shall be submitted to the Court by July 24, 2018.

SO ORDERED.

Dated: July 17, 2018             s/Mark A. Goldsmith
       Detroit, Michigan        MARK A. GOLDSMITH
                                United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2018.

                                s/Karri Sandusky
                                Case Manager

---

[1] Counsel for the City asserted at oral argument that allowing Doe to proceed pseudonymously will also cause prejudice in the court of public opinion. The City believes that news coverage of this suit is inevitable, and that individual City employees will be publicly accused of wrongdoing, without the ability to defend themselves by identifying Doe. The Court does not believe this to be a legally cognizable form of prejudice, and notes that nothing prevents the City from setting forth its defenses to this action in the media without referencing Doe by her real name. The Court also notes that the City is entitled to file a motion for its own protective order, if it believes that certain individuals or information should be protected from public view.

5