## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DISTRICT

JANE DOE,

           Plaintiff,

v.

CITY OF DETROIT,
A Michigan Municipal Corporation,

        Defendant.

Case No.: 2:18-cv-11295
Hon. Mark A. Goldsmith
Magistrate Judge: R. Steven Whalen

| **Sterling Attorneys at Law, P.C.** | **The Allen Law Group, P.C.** |
|---|---|
| Carol A. Laughbaum (P41711) | Monifa K. Gray (P69072) |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| 33 Bloomfield Hills Pkwy., Ste. 250 | 3011 W. Grand Blvd., Ste. 2500 |
| Bloomfield Hills, MI 48304 | Detroit, MI 48202-3030 |
| Phone: (248) 644-1500 | Phone (313) 871-5500 |
| claughbaum@sterlingattorneys.com | mgray@alglawpc.com |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER GRANDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

i

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES……………………………………………..…….. iii

STATEMENT OF THE QUESTION PRESENTED ……………………………. iv

LAW AND ARGUMENT………..…………………………………………….. 1

    I.     STANDARD OF REVIEW…………………………………………….. 1

    II.    PLAINTIFF FAILS TO DEMONSTRATE THE EXISTENCE OF A PALPABLE DEFECT BY WHICH THE COURT AND PARTIES WERE MISLED IN THE OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AS REQUIRED TO OBTAIN RELIEF UNDER LOCAL RULE 7.1(H)(3)……………………………………………………..………….. 3

CONCLUSION AND RELIEF SOUGHT………………….…………............ 7

# <u>INDEX OF AUTHORITIES</u>

<u>Cases</u>

*Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001) ……………………………………………………………………… 1

*Hayward v Cleveland Clinic Foundation*, 759 F3d 601, 615 (CA 6, 2014) ………. 2

*Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ….….. 1

*Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)……………………………………………………………………….… 1

*Pinney Dock & Transp Co v Penn Central Corp*, 838 F2d 1445, 1461 (CA 6, 1988) ……………………………………………………………………………….. 2

*Saltmarshall v VHS Children's Hosp of Mich, Inc*, 402 F Supp 3d 389, 393 (ED Mich, 2019) ……………………………………………………………….. 2, 5

*Singleton v Wulff*, 428 US 106, 121; 96 S Ct 2868; 49 L Ed 2d 826 (1976) ……… 2

*Stevenson v Brennan*, ___F Supp 3d___; 2018 U.S. Dist. LEXIS 88673 (ED Mich, May 29, 2018)…..……………………………………………………………..1

<u>Rules</u>

Local Rule 7.1(h)…………………………………………………….……….. 1-4

## <u>STATEMENT OF QUESTION</u><br><u>PRESENTED</u>

Should the Court deny Plaintiffs' Motion for Reconsideration under Local Rule 7.1 because the motion: (i) merely presents the same issues ruled upon by the court and (ii) does not demonstrate that the Court and parties were misled by a palpable defect?

The City of Detroit answers:  Yes.

## <u>ARGUMENT</u>

### I.    Standard of Review

As stated therein, Plaintiff's motion for reconsideration is based upon U.S.

District Court for the Eastern District of Michigan's Local Rule 7.1(h).  Local

Rule 7.1(h)(3) provides:

> Generally, and without restricting the court's discretion, the court
> will not grant motions for rehearing or reconsideration that merely
> present the same issues ruled upon by the court, either expressly or
> by reasonable implication. The movant must not only demonstrate a
> *palpable defect by which the court and the parties* and other persons
> entitled to be heard on the motion *have been misled* but also show
> that correcting the defect will result in a different disposition of the
> case.

LR 7.1(h)(3) (emphasis added).  In this matter Plaintiff fails to demonstrate the

existence of a palpable defect by which the Court and parties were misled.

As this Court explained in *Stevenson v Brennan*, ___F Supp 3d___; 2018 U.S.

Dist. LEXIS 88673 (ED Mich, May 29, 2018) (J. Borman):

> "A 'palpable defect' is a defect which is obvious, clear,
> unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines
> Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for
> reconsideration which presents the same issues already ruled upon
> by the court, either expressly or by reasonable implication, will not
> be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F.
> Supp. 2d 628, 632 (E.D. Mich. 2001); see also *Maiberger v. City of
> Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an
> exception to the norm for the Court to grant a motion for
> reconsideration…[A]bsent a significant error that changes the
> outcome of a ruling on a motion, the Court will not provide a party

with an opportunity to relitigate issues already decided.").

*Id* at 3-4.    A motion for reconsideration is not intended to allow the losing party to rehash rejected arguments or to introduce new arguments. *Saltmarshall v VHS Children's Hosp of Mich, Inc*, 402 F Supp 3d 389, 393 (ED Mich, 2019) (Lawson, J.).

At the outset, Plaintiff appears to be hoping that the Court would modify the applicable standard of review from the standard described above to a request that the Court to use its discretion to deviate from the waiver rule in an effort to avoid " manifest injustice."    (Dkt 49 at 1).    However, Plaintiff has not provided any applicable legal authority to support such a modification.    None of the cases cited by Plaintiff involve a motion for reconsideration.    Further, in the cases cited, the courts state that such discretion should only be used in exceptional circumstances that mitigate against finding a waiver or where a plain miscarriage of justice would occur. *Hayward v Cleveland Clinic Foundation*, 759 F3d 601, 615 (CA 6, 2014), *Singleton v Wulff*, 428 US 106, 121; 96 S Ct 2868; 49 L Ed 2d 826 (1976) and *Pinney Dock & Transp Co v Penn Central Corp*, 838 F2d 1445, 1461 (CA 6, 1988).    Plaintiff has not argued any circumstances that would mitigate against a finding or waiver or detailed how a plain miscarriage of justice would result from the Court following the LR 7.1(h)(3) standard.    Accordingly, since Plaintiff has not provided any authority supporting a deviation from the standard described in LR 7.1(h)(3), the

Court should apply the LR 7.1(h)(3) standard when considering Plaintiff's Motion for Reconsideration.

## II.   Plaintiff Fails to Demonstrate the Existence of a Palpable Defect by Which the Court and Parties were Misled In the Opinion And Order Granting The Defendant's Motion for Summary Judgment, as Required to Obtain Relief Under LR 7.1(h)(3)

In the Motion for Reconsideration of Opinion and Order Granting Defendant's Motion for Summary Judgment ("Motion for Reconsideration"), Plaintiff argues that the Court's February 19, 2020 Opinion and Order Granting Defendant's Motion for Summary Judgment ("Opinion") (Dkt. 34) should be vacated as the Court allegedly erred when finding (1) that the City took prompt remedial action in response to Plaintiff's claims of harassment and (2) that there was no casual connection between Plaintiff's protected activity and an adverse employment action.   However, upon closer examination, the Motion for Reconsideration is merely an attempt to rehash Plaintiff's arguments in opposition to Defendant's Motion for Summary Judgment and should be denied.   Plaintiff's Motion for Reconsideration should be denied as she does not establish that the Opinion includes a palpable defect by which the parties and the Court were misled. Specifically, Plaintiff's Motion for Reconsideration is deficient as it (1) relies entirely on facts previously discussed during the briefing for the Motion for Summary Judgment, (2) includes arguments that were not included in Plaintiff's

Response to the Motion for Summary Judgment and (3) does not show how the parties and the Court were misled by the alleged palpable defect.

First, in support of her arguments that (1) there was sufficient evidence for a jury to find that the City did not take prompt remedial action in response to Plaintiff's claims of harassment and (2) that there was no casual connection between Plaintiff's protected activity and an adverse employment action, Plaintiff relies entirely on previously considered facts.  A review of the Motion for Reconsideration, as well as Plaintiff's Response to the Motion for Summary Judgment, reveals that every single fact alleged in the Motion for Reconsideration was previously cited by Plaintiff in her Response to the Motion for Summary Judgment.  Further, as noted in the Opinion, the Court reviewed the facts presented by Plaintiff in making its determination.  (Dkt 47 at 9-10).  Under LR 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  LR 7.1(h)(3).  In this case, the Court has expressly already considered the factual allegations included in Plaintiff's Motion for Reconsideration.  (Dkt 47 at 9-10).  Since the alleged facts included in Plaintiff's Motion for Reconsideration were all included and considered by the Court when ruling on the Motion for Summary Judgment, Plaintiff's Motion for Reconsideration should be denied as an attempt to relitigate the issues already decided by the Court.

Second, Plaintiff's Motion for Reconsideration should fail as Plaintiff improperly raises arguments that were not suitably presented in response to the Motion for Summary Judgment. As the Court noted in the Opinion, Plaintiff only made a cursory argument in support of her claims in her Response to the Motion for Summary Judgment. (Dkt 47 at 8-11). Based on the law stated above, motions for reconsideration are not intended to allow the losing party to rehash rejected arguments or to introduce new arguments. *Saltmarshall*, 402 F Supp 3d at 393. Here, Plaintiff attempts to strengthen the mere conclusory statements presented in her Response to the Motion for Summary Judgment by simply rearguing them. However, because Plaintiff failed to provide more than "perfunctory" arguments in her initial Response, any arguments now presented in the Motion to Reconsider are both rejected arguments and new arguments and therefore cannot be the basis for reconsidering the Court's Opinion. As such, Plaintiff's Motion for Reconsideration should be denied.

Third, even assuming the Court determines that a palpable defect exists in its Opinion, Plaintiff has failed to establish that the Court and the parties were misled by said palpable defect. Instead, Plaintiff contends that the Court ruling against her, in and of itself, is evidence that the Court was misled. (Dkt 49 at 1) ("[T]he Court's determination that Plaintiff's claims failed to survive summary judgment due to a lack of legal analysis reveals that the Court was misled."). Plaintiff again offers no

legal authority or even further argument to support this contention.  As a result, Plaintiff's Motion for Reconsideration does not show that the parties and/or the Court were misled by a palpable defect and the Motion for Reconsideration should also be dismissed for these reasons.

Finally, as provided in Defendant's Motion for Summary Judgment and agreed with by the Court's in the Opinion, Defendant did offer sufficient evidence that (1) the City took prompt remedial action in response to Plaintiff's claims of harassment and (2) there was no casual connection between Plaintiff's protected activity and an adverse employment action.  Plaintiff's disagreement with the Court's analysis or the actions taken by the City do not negate the facts, nor does it warrant reconsideration of the Court's Opinion.

As stated above, Plaintiff's Motion for Reconsideration does not present a palpable defect by which the parties and the Court were misled.  Rather, Plaintiff's motion merely restates factual allegations that were already considered by the Court and includes arguments that should have and could have been made in response to Defendant's Motion for Summary Judgment.  Plaintiff's Motion for Reconsideration is simply an attempt to get a second bite of the apple and relitigate the issues in this case.  For these reasons, Plaintiff's Motion for Reconsideration of Opinion and Order Granting Defendant's Motion for Summary Judgment should be denied.

## <u>CONCLUSION</u>

WHEREFORE, Defendant, City of Detroit, requests this Honorable Court to deny Plaintiffs' Motion for Reconsideration for Opinion and Order Granting Defendant's Motion for Summary Judgment.

Respectfully submitted,

**The Allen Law Group, P.C.**
/s/ Monifa K. Gray
Monifa K. Gray (P69072)
3011 West Grand Blvd.
Suite 2500
Detroit, Michigan 48202-3011
(313) 871-5500

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, I caused to have electronically filed the attached pleading with the Clerk of the Court using the E-file & Serve system, which will serve a copy of such filing via email to all attorneys of record.

*/s/Monifa K. Gray*
Monifa K. Gray

8

## **CERTIFICATION PURSUANT TO ED MICH LR 7.1 AND 5.1(a)**

I, Monifa Gray, certify that this document complies with Local Rule 7.1(c) and 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length.

/s/ Monifa K. Gray