UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

      Plaintiff,                                         Case No. 18-11295

vs.                                                        HON. MARK A. GOLDSMITH

THE CITY OF DETROIT,

      Defendant.
_____/

**ORDER
DENYING MOTION FOR RECONSIDERATION (Dkt. 49)**

This matter is before the Court on Plaintiff Jane Doe's motion for reconsideration (Dkt. 49). The Court granted summary judgment to Defendant because Doe failed to make any legally appropriate argument in response to Defendant's motion, thereby waiving any argument, and because the Court found that Defendant had met its burden of demonstrating entitlement to summary judgment. 2/19/2020 Op. & Order (Dkt. 47). Doe now moves for reconsideration of that Opinion, and Defendant has filed a response brief (Dkt. 52). For the reasons discussed below, the motion is denied.

    **I.**    **STANDARD OF REVIEW**

Motions for reconsideration may be granted under Eastern District of Michigan Local Rule 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect "which is obvious, clear, unmistakable, manifest, or plain." Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally, . . . the court will not grant motions for rehearing or

reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

A motion for reconsideration is not a suitable vehicle for new arguments. See Bank of Ann Arbor v. Everest Nat. Ins. Co., 563 Fed. Appx. 473, 476 (6th Cir. 2014) ("It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" (citation omitted)); see also Sault St. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (motions for reconsideration "are aimed at re consideration, not initial consideration" (citation omitted, emphasis in original)).

## II.   ANALYSIS

Doe, for the first time, argues the merits of her claims, which she did not do in her response to Defendant's motion for summary judgment. Doe's response was an oversized brief containing well over a hundred numbered paragraphs of facts and a handful of conclusory statements asserting that she had presented overwhelming evidence to support her claims, but it was bereft of any legally appropriate arguments.[1] As Defendant points out, a motion for reconsideration is not the proper vehicle to "raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie, 146 F.3d at 374; see also Resp. at 2 ("A motion for reconsideration is not intended to allow the losing party to rehash rejected arguments or to introduce new arguments." (citing Saltmarshall v. VHS Children's Hosp. of Michigan, Inc., 402 F. Supp. 3d 389, 393 (E.D.

---

[1] Doe's attorney represents that she "was attempting to, as concisely as possible, present her case without substantively repeating the numerous facts in the record she relied on, to counter" Defendant's arguments. Mot. at 2 n.1. Courts appreciate clear and succinct arguments, but Doe's argument was tantamount to no argument at all. Doe's attorney also bemoans that she was not afforded an opportunity to respond to Defendant's twenty-two-page reply brief. Id. But the first twelve pages of Defendant's reply brief was devoted to responding to Doe's twenty-page statement of additional facts, and Defendant filed a motion for leave to file excess pages. See Def. Mot. for Leave to File Excess Pages (Dkt. 43). Doe's attorney, on the other hand, despite "litigating employment cases for over 25 years," Mot. at 2 n.1, did not file a motion for leave to file a sur-reply.

Mich. 2019))). Therefore, Doe's arguments with respect to the merits of her claims will not be considered for the first time on her motion for reconsideration.

Doe also argues that, based on a "clarified record," the Court should grant her motion for reconsideration to avoid manifest injustice. Mot. at 1-2 (citing cases). Defendant argues that Doe has not presented exceptional circumstances warranting such relief. Resp. at 2.[2] Defendant has the better part of the argument.

Courts have the discretion "'to prevent manifest injustice and to promote procedural efficiency' where 'the proper resolution is beyond any doubt or where injustice . . . might otherwise result.'" Hayward v. Cleveland Clinic Found., 759 F.3d 601, 615 (6th Cir. 2014) (quoting Taft Broad. Co. v. United States, 929 F.2d 240, 244 (6th Cir. 1991)). It is not beyond any doubt that Defendant's motion for summary judgment should have been denied, and it is far from clear that any injustice attributable to Defendant would result by denying Doe's motion for reconsideration. To illustrate this point, it is useful to briefly examine Doe's claims.

Doe's hostile-work-environment claims stem from events that began in December 2016, including an incident where Doe found a gift bag on her desk containing a sex toy and a hate-filled note. Defendant took some remedial actions, and no further harassment occurred for some time. Despite Defendant's remedial actions, Doe again began receiving hate-filled notes in May 2017.

---

[2] Defendant also argues that none of the cases relied on by Doe arises in the context of a motion for reconsideration, and, therefore, she has not provided any authority to support a deviation from the motion for reconsideration standard. Resp. at 2. However, as the Sixth Circuit has observed, this district's palpable defect standard is not inconsistent with the motion to alter or amend judgment standard under Rule 59(e), which allows courts to reconsider rulings in order to prevent manifest injustice. Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006) (citing Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)).

Doe argues that it is undisputed that Defendant's actions "failed to stop the harassment directed against Doe; in fact the harassment escalated." Mot. at 5. However, Doe's argument is based on an erroneous understanding of the hostile-work-environment legal standard.

The dispositive issue on Doe's hostile-work-environment claims was whether "the defendant knew or should have known about the harassment and failed to act." Waldo v. Consumers Energy Co., 726 F.3d 802, 813 (6th Cir. 2013) (quoting Williams v. CSX Transp. Co., 643 F.3d 502, 511 (6th Cir. 2011)); see also Quinto v. Cross & Peters Co., 547 N.W.2d 314, 319-320 (Mich. 1996) (noting the elements under Michigan law are substantially the same). To show a failure to act, Doe must show that her employer "'tolerated or condoned the situation' or 'that [her] employer knew or should have known of the alleged conduct and failed to take prompt remedial action.'" Jackson v. Quanex Corp., 191 F.3d 647, 659 (6th Cir. 1999) (quoting Davis v. Monsanto Chem. Co., 858 F.2d 345, 349 (6th Cir. 1988)). Doe misunderstands what constitutes prompt, remedial action.

Doe asserts that "[p]rompt remedial action is that which stops the abuse." Mot. at 4 (citing Hawkins v Anheuser Busch, 517 F.3d 321, 347 (6th Cir 2008) (emphasis added).[3] She also says that the "critical test of whether the employer's corrective action was adequate is whether it stopped the harassment." Id. at 5 (quoting Collette v Stein-Mart, Inc., 126 F. App'x 678, 688 (6th Cir. 2005) (citing Houghtaling v. Bay Med. Ctr., 1997 WL 33353513, at *1 (Mich. App. March 14, 1997)). Certainly, if an employer's remedial actions end the harassment, those actions are generally legally sufficient to avoid liability. See Houghtaling, 1997 WL 33353513, at *2. But ending harassment is not a necessary condition to a showing that an employer took prompt, remedial action. See Hawkins, 517 F.3d at 340 (citing Jackson, 191 F.3d at 663-664).

---

[3] Doe's Hawkins pin cite references the retaliation portion of that opinion rather than the hostile work environment portion. Presumably, she intended to cite Hawkins, 517 F.3d at 341, where the Sixth Circuit discusses the relevant legal standard.

"Generally, a response is adequate if it is reasonably calculated to end the harassment." <u>Jackson</u>, 191 F.3d at 663. A standard of <u>reasonably calculated</u> to end the harassment is quite different than Doe's suggestion that prompt, remedial action is that which <u>actually stops</u> the harassment.

Defendant met its burden in its summary judgment motion by putting forth evidence that Doe could not establish that it knew about the harassment <u>and</u> that it had failed to act—an element of Doe's prima facie case for her hostile-work-environment claims. In her response brief, the totality of Doe's response was two conclusory statements that the facts demonstrate that the harassment "was not addressed for many, many months," and that at a minimum, "a fact question exists as to the promptness and effectiveness of Defendant's actions." Resp. at 30. But Doe's argument was either belied by the record or legally irrelevant.

There is no dispute that the gift bag incident occurred on Friday December 16, 2016. Doe's testimony establishes that when she returned to work on Monday December 19, 2016, Defendant had already initiated its investigation by interviewing employees, collected handwriting samples, and sent an email to employees with its zero-tolerance policy. Doe Dep. Ex. C to Def. Mot. for Summ. J., at 34-36, 48-50 (Dkt. 34-4). In other words, Defendant did not leave the harassment unaddressed for "many, many" months; it acted within days, if not hours, of the gift bag incident. And as to whether Defendant's actions were effective, as noted above, effectiveness is not the relevant legal inquiry.

Doe's retaliation claim fares no better. Defendant presented evidence that either Doe's alleged adverse actions were not materially adverse actions, or that Doe's protected activity was too remote to any adverse employment decisions or actions taken by Defendant to establish causation. 2/19/20 Op. & Order at 9-11. Doe made no legally appropriate argument in her response to the motion for summary judgment, and in her motion for reconsideration, she references alleged adverse events that took place more than a year after she engaged in protected

conduct, Mot. at 14-21.  As the Court has explained previously, temporal proximity sometimes can satisfy the retaliation causation standard at the summary judgment stage.  But the proximity of one to the other must be "'very close in time.'"  Montell v. Diversified Clinical Servs., Inc., 757 F.3d 497, 505 (6th Cir. 2014) (quoting Mickey v. Zeidler Tool & Die Co., 516 F.3d 516, 525 (6th Cir. 2008)).  "[W]here some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality."  Mickey, 516 F.3d at 525 (citing Little v. BP Exploration & Oil Co., 265 F.3d 357, 365 (6th Cir. 2001)).  Based on the significant time lapse between Doe's protected conduct and the alleged adverse employment actions, it is not clear that even if Doe had made a legally appropriate causation argument in her response brief that she would have defeated summary judgment.

Therefore, it is not beyond any doubt that Doe's claims would be successful, or that injustice might otherwise result by denying her motion for reconsideration.

### III.    CONCLUSION

Because Doe has not identified a palpable defect that misled the Court such that correcting the defect would have resulted in a different disposition of this case, E.D. Mich. LR 7.1(h)(3), Doe's motion for reconsideration (Dkt. 49) is denied.

SO ORDERED.

Dated:  October 8, 2020                             s/Mark A. Goldsmith
         Detroit, Michigan                           MARK A. GOLDSMITH
                                                     United States District Judge

6